UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TOYEE,

    Plaintiff,

v.

HEIDI WASHINGTON and BEVERLY SMITH,

    Defendants.

_____/

Case No. 2:23-cv-11473
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS (ECF No. 9)**[1]

I. Introduction

This is a civil rights case under 42 U.S.C. §1981 and §1983. Plaintiff John Toyee (Toyee), proceeding *pro se*, is employed by the Michigan Department of Corrections (MDOC) as a Probation Agent. Toyee alleges that defendant Beverly Smith (Smith), assistant deputy director of MDOC, created a hostile work environment and authorized unsubstantiated investigations against him, violating his Eighth and Fourteenth Amendment rights. (ECF No. 1). He also alleges that Smith violated Michigan and federal law regarding one-party recording consent

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

laws and appears to take issue with Smith and defendant MDOC Director Heidi Washington's (Washington) denial of a request for information about his investigation under the Michigan Freedom of Information Act (FOIA). (*Id.*). Toyee makes brief mention of the Michigan Whistleblower Protection Act (MWPA) as well. (*Id.*, PageID.9). He seeks money damages and that "his employment file be cleared." (*Id.*).

This case was referred to the undersigned for all pretrial matters. (ECF No. 6). Defendants have filed a motion to dismiss or, alternatively, for a more definite statement. (ECF No. 9). The motion is fully briefed. (ECF Nos. 11, 12).

For the reasons that follow, the undersigned RECOMMENDS that defendants' motion to dismiss be GRANTED and that the case be dismissed. Specifically, it is RECOMMENDED that Toyee's federal claims under Title VII, § 1981, and § 1983 be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that the Court exercise supplemental jurisdiction over Toyee's state law claims and DISMISS them WITH PREJUDICE. If these recommendations are adopted, defendants' request for a more definite statement would be moot.

II. Background

Toyee's complaint is unorganized and difficult to parse. It appears that the events underlying his claims began on May 2, 2022, when he got into an argument

2

with a supervisor, which was the subject of an investigation days later, resulting in a one-day suspension for Toyee's conduct on December 7, 2022. (ECF No. 1, PageID.8). Toyee was also investigated for recording an argument he had with that supervisor on September 8, 2022, against MDOC policy, for which he received a four-day suspension on March 23, 2023. (*Id.*).

Toyee alleges that these investigations were retaliatory in nature because he filed a complaint against two supervisors and a program manager, which was investigated on August 10, 2022. (*Id.*). He says that Washington and Smith refused to release the findings of this investigation "because it would exonerate him[.]" (*Id.*).

Smith investigated and sanctioned Toyee for a third time on September 27, 2022, because Toyee "forgot to complete a pre-sentence report" that was due August 17, 2022. (*Id.*, PageID.4, 8-9). He seems to argue that he should not have been subject to a yearly audit at this time, because his prior yearly audit concluding on May 18, 2022, stated that he met workplace expectations and had "outstanding remarks." (*Id.*).

Toyee also separately references three additional investigations Smith subjected him to, ranging from 2018 to 2021. (*Id.*, PageID.7-8). Unlike the previously referenced investigations, Toyee was found not guilty on these.

Toyee argues that Smith violated his Eighth and Fourteenth Amendment

3

rights. He also argues that his punishment for recording conversations without consent of the other parties violates Michigan and federal one-party consent laws. Further, he argues that Smith's retaliation for his filing of a complaint against other employees violates MWPA. And finally, he argues that Washington and Smith violated the Michigan FOIA for refusing to turn over documents related to the investigation of other MDOC employees that resulted from his complaint against them.

### III. Motion to Dismiss Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

IV. Analysis

In their motion, defendants argue that Toyee has not stated a federal claim, that the court lacks subject matter jurisdiction to consider his state law claims, and that his state law claims lack merit. (ECF No. 9). Toyee has clarified in his response that he relies on Title VII, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and 42

5

U.S.C. § 1983 as the bases for his federal claims and jurisdiction. (ECF No. 11). With this clarity, defendants argue in their reply that Toyee has failed to state a claim under these federal statutes.[2] (ECF No. 12). Each claim will be considered in turn below.

### A. Title VII

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To assert a successful Title VII claim, Toyee must allege direct discrimination or, in its absence, a prima facie case of indirect discrimination by stating (1) that he was a member of a protected class, (2) that he experienced a materially adverse employment action, (3) that he was qualified for the position, and (4) that he was replaced by a person outside of the protected class or that he was treated differently than similarly situated employees. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

---

[2] Defendants also argue for dismissal under Federal Rule 12(b)(1) for lack of subject matter jurisdiction over Toyee's state-law claims. However, given the clarity that Toyee proceeds under federal statutes as well, the Court has supplemental jurisdiction over Toyee's state-law claims under 28 U.S.C. § 1367. Therefore, the undersigned does not recommend dismissal of any claims under Rule 12(b)(1).

Toyee's allegations in this case do not include membership in a protected class. The undersigned notes that several years ago Toyee sued a former employer in this district asserting a claim under Title VII and, in that lawsuit, did allege membership in a protected class. *See Toyee v. Reno*, 940 F. Supp. 1081 (E.D. Mich. 1996), *aff'd*, 134 F.3d 372 (6th Cir. 1998). However, Toyee's claims failed in *Toyee v. Reno* because he did not show that he was (1) performing his job satisfactorily and (2) treated differently than similarly situated employees outside of the protected class. *Id.*[3]

Here, the allegations could be read generously to include Toyee's qualification for the position, but there is no suggestion that similarly situated employees were treated differently from Toyee. *See Toyee v. Reno*, 134 F.3d 372 (6th Cir. 1998) ("Although Toyee contended that the BOP's termination of a trainee during IFT was unprecedented, he presented no evidence that any American-born trainee behaved as he did and yet retained employment with the BOP.").

---

[3] Toyee also filed another, more recent, lawsuit in this district against the Sterling Heights Police Department and several of its police officers. *Toyee v. Sterling Heights Police Department, et al.*, 2:20-cv-10542 (E.D. Mich., Goldsmith, J.). In that case, Toyee claimed violations of his constitutional rights stemming from defendant police officers entering his home to investigate allegations of child abuse. Defendants filed a motion for summary judgment, but the parties filed a stipulated order of dismissal before the motion was adjudicated. *See* ECF No. 47 in case no. 2:20-cv-10542.

Toyee's complaint has no allegation of direct discrimination, *i.e.*, a facially discriminatory action, and he fails to allege at least one required prong to show indirect discrimination under Title VII. Therefore, his Title VII claim should be dismissed.[4]

B. § 1981 and § 1983

1. Official Capacity Claims

Defendants argue that Washington and Smith are immune from suit in their official capacities. The undersigned agrees. "The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). However, the first page of the complaint indicates that Washington and Smith are sued "individually." (ECF No. 1, PageID.1).

---

[4] Defendants also argue that Toyee's Title VII claim should fail because "he has not pled nor provided a copy of his [EEOC] right-to-sue letter" and "[u]pon information and belief, [he] has not filed a charge with the EEOC or received a right-to-sue letter as required" before proceeding in federal court. (ECF No. 12, PageID.272 (citing *Granderson v. Univ. of Michigan*, 211 F. App'x 398, 400 (6th Cir. 2006))).

If defendants are correct, Toyee's Title VII complaint cannot proceed for that independent reason. However, the general rule is that "where the court perceives a defect" in the complaint, it "should provide notice and an opportunity to respond" before dismissal on that ground. *Dillon v. Frank*, 952 F.2d 403 (6th Cir. 1992). Toyee was not on notice to provide proof of a right-to-sue letter until defendants' reply; thus, he has not had an opportunity to address the claim. Therefore, the undersigned does not recommend dismissal of the Title VII claim on this ground.

To the extent that Toyee asserts § 1981 and §1983 claims against defendants in their official capacities, those claims should be dismissed. But as the undersigned reads the complaint, it asserts only individual capacity claims under those statutes. Toyee argues that those claims may proceed, citing *Woods v. Michigan Dep't of Corrs.*, No. 15-10324, 2015 WL 13955983 (E.D. Mich. May 20, 2015).

*Woods* is similar to this case, in that the plaintiff sued the MDOC and two defendants in their individual capacities under Title VII, § 1981, and §1983. *Id.* In *Woods*, the court found that the plaintiff's Title VII claim could only proceed against the MDOC and the defendants in their personal capacities, based on the statutory language, and that her § 1981 and § 1983 claims could only proceed against the defendants in their individual capacities, because claims MDOC and official capacity were barred by Eleventh Amendment immunity. *Id.* The same is true here. While Toyee has failed to state a Title VII claim, as explained above, defendants are not immune to his § 1981 and § 1983 claims in their individual capacities. Regardless, as explained below, even though defendants are not immune from these claims, Toyee has not stated viable claims against them.

2. § 1981 – Equal Rights

42 U.S.C. § 1981 guarantees "all persons . . . the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit

9

of all laws and proceedings for the security of persons and property[.]" However, as defendants note, the Supreme Court in *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) held that Congress intended § 1983 to provide the exclusive remedy for the violation of rights guaranteed by § 1981 when the alleged violator is a state governmental unity, and the Sixth Circuit in *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) held that this reasoning applies to suits against state actors in their individual capacities as well. *See also Woods*, 2015 WL 13955983, at *1 ("Congress intended § 1983 to provide the *exclusive* remedy for the violation of rights guaranteed by § 1981 when the alleged violator is a local government." (emphasis added)). Therefore, Toyee's § 1981 claims should be dismissed.

3. §1983 – Constitutional Violations

Toyee asserts claims under the Eighth and Fourteenth Amendment. He does not specify the contours of how his allegations violate these amendments, other than scattered references to cruel and unusual punishment.

The protections of the Eighth Amendment "appl[y] only to those individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)). Similarly, the Fourteenth Amendment protects pretrial detainees from similar mistreatment. *Id.*

10

(citing *Roberts*, 773 F.2d at 723).

Toyee is neither a prisoner nor a pretrial detainee. As such, he cannot assert claims under these amendments against his MDOC supervisors or employers. *See, e.g.*, *Barrett v. Shelly*, No. 23-11609, 2023 WL 4933927, at *3 (E.D. Mich. Aug. 2, 2023) (the plaintiff had no Eighth or Fourteenth Amendment claim when he was pulled from his car by officers because he was not convicted or detained at the time); *Lehre v. Artfitch*, No. 2:22-CV-00105, 2023 WL 6466449, at *11–12 (W.D. Mich. Aug. 8, 2023), *report and recommendation adopted*, 2023 WL 5663072 (W.D. Mich. Sept. 1, 2023) (individual at a traffic stop, who was free to leave upon arrival of a family member, was not convicted or detained and thus did not state an Eighth or Fourteenth Amendment claim for a lack of medical treatment).

### C. State Law Claims

Toyee's remaining claims sound under state law. As mentioned above, Toyee asserts claims under FOIA, MWPA, and one-party recording laws.

Under 28 U.S.C. § 1367(c), this Court "has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." "This discretion is guided by considerations of judicial economy, avoiding multiplicity of litigation, and avoiding unnecessarily deciding state law issues." *Gardner v. Mich. State Univ. Bd. of Trs.*, No. 1:12-cv-1018, 2014 WL 558818, at *7 (W.D. Mich. Feb. 11, 2014) (citing *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182

11

(6th Cir. 1993)). However, federal retention of state-law claims may be prudent where the claims are "clearly without merit" or "patently frivolous," or when "it is absolutely clear how the pendent claims can be decided." *Martin v. Detroit Prosecutor's Off.*, No. 06-CV-12155, 2007 WL 851307, at *4 n.2 (E.D. Mich. Mar. 20, 2007).

For the reasons below, the undersigned finds it absolutely clear that Toyee's state-law claims should be dismissed, and therefore recommends exercising supplemental jurisdiction over them and dismissing them with prejudice. In the alternative, the district court may choose to decline exercising jurisdiction over these claims.

1. FOIA

Under state law, a FOIA request must be responded to within five business days of receipt, M.C.L. 15.235(2), and "[i]f a public body does not produce a covered record, the requesting person may sue to compel disclosure[,]" *Murray v. Cowell*, 332 F. App'x 241, 245 (6th Cir. 2009) (citing Mich. Comp. Laws 15.240(1)(b) & (4)).

Toyee alleges that Washington violated MDOC policy and Michigan FOIA laws by refusing to release the findings of an investigation that began with his complaint about two supervisors and a program manager. (ECF No. 1, PageID.5). He says that the results of the investigation would show that those individuals

made false statements and filed a false report against him. (*Id.*). Toyee believes that he has a right to these documents because he was the complainant and because he has previously received the outcomes of previous investigations in which he was the complainant. (*Id.*, PageID.6-7).

Under M.C.L. § 15.243(1)(s)(ix), "personnel records of law enforcement agencies" are exempt from disclosure "[u]nless the public interest in disclosure outweighs the public interest in nondisclosure." Michigan courts construe "§ 243(1)(s)(ix) as extending to all records of a personnel department." *Landry v. City of Dearborn*, 259 Mich. App. 416, 423 (2003). The Michigan Supreme Court has found that this exemption applies to internal investigations of jail guards, and that the public interest in nondisclosure outweighed the interest in disclosure because,

> 1. Internal investigations are inherently difficult because employees are reluctant to give statements about the actions of fellow employees.
>
> 2. If their statements would be a matter of public knowledge they might refuse to give any statements at all or be less than totally forthcoming and candid.
>
> 3. Also, disclosure could be detrimental to some employees.
>
> 4. Public disclosure of records relating to internal investigations into possible employee misconduct would destroy or severely diminish the Sheriff Department's ability to effectively conduct such investigations.

*Kent Cnty. Deputy Sheriff's Ass'n v. Kent Cnty. Sheriff*, 463 Mich. 353, 365-66

(2000).

These reasons apply equally to the personnel records of the MDOC employees that Toyee seeks. His request involves internal documents regarding a complaint he filed against fellow MDOC employees. This invokes the inherent difficulty of internal investigations referenced by the Michigan Supreme Court, making already-reluctant employees potentially more so if they know that their statements may be made public. Disclosure of these documents could also be detrimental to these employees and would likely diminish the MDOC's ability to effectively conduct such investigations in the future. Further, there is no apparent benefit to the public in disclosing the outcome of an investigation involving interactions between MDOC employees.

Toyee does not offer a compelling argument that there is a public interest in the release of these documents. The fact that Toyee alleges to have received the outcomes of previous investigations does not mean that the MDOC has waived this exemption in every instance. Therefore, the undersigned recommends that his claim under FOIA be dismissed.

2. Whistleblower Acts

Toyee claims that the investigations and sanctions against him violate MWPA, as they were in response to his complaint against other MDOC employees for violating MDOC policy. Defendants say there are many Whistleblower

14

Protection Acts and that it is unclear under which Toyee seeks to proceed. The complaint explains the contours of the MWPA, M.C.L. § 15.361, so the undersigned will analyze his claim under that framework.

The MWPA explicitly does not apply to "state classified civil service." M.C.L. § 15.361(a) (defining "employee"). Toyee unquestionably falls under this exemption, *see* Mich. Const. Art. XI, §5, meaning that he cannot bring a claim under the MWPA. Additionally, even if his claim were interpreted to fall under federal law, the Whistleblower Protection Act of 1989, as amended by the Whistleblower Protection Enhancement Act of 2012, does not give federal courts direct jurisdiction over unexhausted claims. *Manning v. McDonald*, No. 3:16-CV-00706, 2016 WL 8254929, at *3 (M.D. Tenn. Nov. 9, 2016), *report and recommendation adopted*, 2017 WL 587979 (M.D. Tenn. Feb. 13, 2017); *see also Aultman v. Napolitano*, No. 13-CV-14068, 2015 WL 248856, at *5 (E.D. Mich. Jan. 20, 2015).

As explained in *Manning*, "an aggrieved employee may only elect to pursue one of three remedies: (1) an appeal to the Merit Systems Protection Board ("MSPB"); (2) a negotiated grievance procedure; or (3) procedures seeking corrective action before the Office of Special Counsel ("OSC")." 2016 WL 8254929, at *3 (citing 5 U.S.C. § 7121(g)). The third remedy allows for appeal of the OSC's decision to the MSPB; the first and third remedies allow for appeal of

15

the MSPB's decision to federal court. *Id.* at *4. The second remedy does not allow for judicial review. *Id.* Therefore, because this action is not an appeal from a decision of the MSPB, it cannot be pursued under the federal Whistleblower Protection Act, meaning this Court would lack jurisdiction over such a claim.

### 3. One-Party Recording Laws

Lastly, Toyee alleges that he was wrongly punished for recording a conversation between himself and other MDOC employees. (ECF No. 1, PageID.3). While he admits that secretly recording conversations in the workplace is against MDOC policy, he says that this policy is in direct conflict with Michigan's eavesdropping laws, which permit one-party consent recordings.

Toyee is correct that, according to Michigan Court of Appeals and federal court interpretations, the Michigan Penal Code allows for recording a conversation with the consent of a single party. *See Sullivan v. Gray*, 117 Mich. App. 476, 480 (1982) and *Fisher v. Perron*, 30 F.4th 289, 294 (6th Cir. 2022) (interpreting M.C.L. §§ 750.539a and 750.539c). However, as defendants correctly argue, this does not prevent a workplace from prohibiting its employees from secretly recording conversations. It merely establishes that such conduct is not criminal, and Toyee was not criminally charged. There is no statutory vehicle for Toyee's claim that MDOC policy prohibits conduct that falls short of criminality. Therefore, it should be dismissed.

16

V.     Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion to dismiss, (ECF No. 9), be GRANTED and that the case be dismissed.  Specifically, it is RECOMMENDED that Toyee's federal claims under Title VII, § 1981, and § 1983 be DISMISSED WITH PREJUDICE.  It is further RECOMMENDED that the Court exercise supplemental jurisdiction over Toyee's state-law claims and DISMISS them WITH PREJUDICE.  If these recommendations are adopted, defendants' request for a more definite statement would be moot.

Dated: December 6, 2023                     s/Kimberly G. Altman
Detroit, Michigan                                   KIMBERLY G. ALTMAN
                                                              United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2023.

                                                s/Carolyn Ciesla
                                                CAROLYN CIESLA
                                                Case Manager