UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TOYEE,

      Plaintiff,                                                Case No. 23-11473

v.                                                          HON. MARK A. GOLDSMITH

HEIDI WASHINGTON et al.,

      Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Dkt. 13), (2) OVERRULING PLAINTIFF'S
OBJECTIONS (Dkt. 14), AND (3) GRANTING DEFENDANTS' MOTION TO
DISMISS (Dkt. 9)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman issued on December 6, 2023 (Dkt. 13). In the R&R, the magistrate judge recommends that Defendants' motion to dismiss (Dkt. 9) be granted. Plaintiff John Toyee filed untimely objections to the R&R (Dkt. 14) and Defendants filed a response to Toyee's objections (Dkt. 15). For the reasons that follow, the Court: (i) accepts in part and denies in part the recommendation in the R&R, (ii) overrules Toyee's objections, (iii) grants Defendants' motion to dismiss, (iv) dismisses Toyee's federal claims with prejudice, and (v) dismisses Toyee's state-law claims without prejudice.

**I. BACKGROUND**

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 2–4. At all relevant times in the complaint, John Toyee was a probation agent employed by the Michigan Department of Corrections (MDOC). See R&R at 1. Toyee filed this case against

1

MDOC Director Heidi Washington and MDOC Assistant Director Beverly Smith, alleging that they created a hostile work environment and authorized unsubstantiated investigations against him. See id. at 1. Toyee brings claims under (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (ii) the United States Constitution through 42 U.S.C. §§ 1981, 1983 for violations of the Eighth and Fourteenth Amendments; (iii) federal and state laws regarding one-party recording consent; (iv) the Michigan Freedom of Information Act (FOIA), Mich. Comp. L. 15.231 et seq.; and (v) the Michigan Whistleblower Protection Act (MWPA), Mich. Comp. L. 15.361 et seq. Id at 1–2.

Defendants filed a motion to dismiss Toyee's complaint, which the magistrate judge recommends granting. See Mot.; R&R. Regarding Toyee's federal claims, the magistrate judge found that Toyee failed to state a plausible claim under Title VII, § 1981, or § 1983. As the R&R explains, Toyee's Title VII claim fails because he did not allege membership in a protected class—which is a required element of either a direct or indirect discrimination claim. See R&R at 6–8. Toyee's § 1981 claim fails because § 1983 is the exclusive remedy for the violation of rights guaranteed by § 1981 when the defendant is a state governmental entity, as in this case. Id. at 10. Toyee's § 1983 claim fails because the Eighth Amendment only protects "individuals who have been tried, convicted, and sentenced," and the Fourteenth Amendment only protects pretrial detainees; Toyee does not fall in either category. Id. at 10 (citing Richko v. Wayne Cnty., 819 F.3d 907, 915 (6th Cir. 2016)). The magistrate judge also found that Toyee's claims under one-party recording laws fail. Id. at 16. While federal and state law do not prevent recording a conversation with the consent of a single party, the MDOC is entitled to adopt polices prohibiting its employees from engaging in conduct that is not otherwise illegal. Id. For these reasons, the

magistrate judge recommends dismissing Toyee's federal claims with prejudice. See R&R at 6–11.

The magistrate judge similarly found that all of Toyee's state-law claims fail. With respect to Toyee's FOIA claim, the magistrate judge found that Toyee did not show that the public interest in disclosure outweighed the public interest in nondisclosure, as is required in the context of internal investigations. Id. at 13–14. As to Toyee's MWPA claim, the R&R explains that the MWPA does not apply to "state classified civil servants" such as Toyee, so he is barred from bringing a claim under that statute. See R&R at 14–15. The magistrate judge recommends exercising supplemental jurisdiction over Toyee's state-law claims and dismissing them with prejudice.

For the reasons that follow, the Court accepts the R&R in part and rejects it in part, dismissing Toyee's federal claims with prejudice but declining to exercise supplemental jurisdiction over his remaining state claims.

## II. ANALYSIS

As an initial matter, Toyee's objections were untimely. Parties may serve and file objections to a magistrate judge's R&R within 14 days of service. Fed. R. Civ. P. 72(b)(2); R&R at 17 (advising the parties that they have fourteen days from the date of service to file objections pursuant to Fed. R. Civ. P. 72(b)(2)). When a party must act within a specific period of time after being served and service is made by mail, three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). The certificate of service on the docket shows that service of the R&R was mailed on December 6, 2023, giving parties seventeen days, or until December 23, 2023, to file objections. As Toyee's objections were filed on December 27, 2023, they are untimely.

Nonetheless, the Court has considered Toyee's objections and finds them to be without merit. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Here, Toyee lists five objections, none of which specifies what is objectionable in the R&R. Toyee's objections are difficult to follow, but objections 1–2 and 4–5 seem to raise the general argument that Toyee offered enough evidence to sustain his claims. See, e.g., Obj. at PageID.302, PageID.304, PageID.306. But Toyee does not cite to evidence refuting any of the specific findings of the R&R, which provided detailed explanations for why each of Toyee's claims fail, as summarized above. These objections are not valid because they do not "explain the source" of any error in the R&R, as is required.

Toyee's remaining objection (objection 3) is unclear and does not seem to respond to a specific portion of the R&R. See id. at PageID.305. This is also not a valid objection.

Further, Defendants contend that Toyee's objection attempts to bring new claims that were not included in his complaint. See Def. Resp. at 2 ("Toyee's new claims are: (1) a First Amendment Claim; and (2) a claim based on a violation of the Civil Service Rules." (citing Obj. at PageID.399)). Toyee cannot raise new claims in an objection to an R&R. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

For these reasons, the Court accepts the R&R with respect to Toyee's federal claims and dismisses them with prejudice. With respect to Toyee's state-law claims, however, the Court

4

declines to exercise supplemental jurisdiction now that the federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–727 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). The Court instead dismisses Toyee's state-law claims without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court: (i) accepts in part and denies in part the recommendation in the R&R, (ii) overrules Toyee's objections, (iii) grants Defendants' motion to dismiss, (iv) dismisses Toyee's federal claims with prejudice, and (v) dismisses Toyee's state-law claims without prejudice.

SO ORDERED.

Dated: February 29, 2024  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge