UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TOYEE,

          Plaintiff,                        Case No. 23-cv-11473

v.                                       HON. MARK A. GOLDSMITH

HEIDI WASHINGTON et al.,

          Defendants.
_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 18)**

The matter before the Court is Plaintiff John Toyee's motion for reconsideration (Dkt. 18). Toyee asks the Court to reconsider its February 29, 2024 opinion and order (Dkt. 16) accepting in part and rejecting in part the magistrate judge's report and recommendation (R&R) (Dkt. 13) and granting Defendants' motion to dismiss (Dkt. 9). But Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsideration of final orders or judgments. Instead, consistent with the Local Rules, the Court construes Toyee's motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or for relief from judgment under Rule 60(b). For the reasons explained below, Toyee's motion is denied.

**I.      ANALYSIS**

Toyee argues that the Court should reconsider its February 29, 2024 opinion and order because Toyee was "not giving (sic) the opportunity to respond in 14 days to submit his objections" to the magistrate judge's R&R. Mot. at PageID.424. According to Toyee, the Court "made a SNAP JUDGMENT Decision in 11 days[] instead of the 14 days required by the federal rule of civil procedure 72(b)(2) and the court also failed to follow federal rule 6 of civil procedure which

mandates that Saturdays and Sundays, and federal legal holidays MUST not be accounted with (sic) the 14 days to respond to the objection's deadline." Id.  Toyee is correct that the Court's prior discussion of the deadline to file objections to the R&R was incomplete.   But Toyee misunderstands the relevant Federal Rules of Civil Procedure, and his objection was still untimely.

Parties may serve and file objections to a magistrate judge's R&R within 14 days of service. Fed. R. Civ. P. 72(b)(2).  When a party must act within a specific period of time after being served and service is made by mail, three days are added after the period would otherwise expire.  Fed. R. Civ. P.  6(d).  The certificate of service on the docket shows that service of the R&R was mailed on December 6, 2023, giving the parties seventeen days, or until December 23, to file objections. The Court incorrectly stated this date as the final deadline for objections in its prior order, but Toyee correctly notes that the deadline should have been extended.  Federal Rule of Civil Procedure 6(a)(1)(C) extends time periods that end on a "Saturday, Sunday, or legal holiday" until "the end of the next day that is not a Saturday, Sunday, or legal holiday."  December 23, 2023 fell on a Saturday, and the next Monday, December 25, was a federal holiday.  Therefore, Toyee had until December 26 to file objections.  His objections were filed on December 27, so they were untimely.[1]

Regardless, the Court considered Toyee's objections and found them to be without merit. See 2/29/24 Op. & Order at 3–5.  So even if Toyee's objections had been timely, he would not be entitled to any relief.

---

[1] It is not entirely clear why Toyee contends that he was only given 11 days to file objections.  The Court's best guess is that Toyee does not count any Saturdays or Sundays in his computation, but that is an incorrect reading of Rule 6.  Rule 6(a)(1)(C) only extends time if a period ends on a Saturday, Sunday, or legal holiday; in fact, Rule 6(a)(1)(B) clearly states that "every day, including intermediate Saturdays, Sundays, and legal holidays" should be counted.

### III.  CONCLUSION

For the reasons stated above, the Court denies Toyee's motion for reconsideration (Dkt. 18).

SO ORDERED.

Dated: March 24, 2025                          s/Mark A. Goldsmith
       Detroit, Michigan                       MARK A. GOLDSMITH
                                               United States District Judge